**SUMMONS**
**(CITACION JUDICIAL)**

SUM-100

**NOTICE TO DEFENDANT:** HEALTHCARE SERVICES GROUP, INC.;
**(AVISO AL DEMANDADO):** QUALITY BUSINESS SOLUTIONS, INC.;
and DOES 1 through 100, Inclusive,

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County of Los Angeles

MAY 06 2014

Sherri R. Carter, Executive Officer/Clerk
By: Judi Lara, Deputy

**YOU ARE BEING SUED BY PLAINTIFF:** ROSA ROBLES,
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is: (El nombre y dirección de la corte es:) | CASE NUMBER: (Número del Caso): BC544909 |

LOS ANGELES SUPERIOR COURT
111 North Hill Street
Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Marcus A. Mancini, Esq.          (818) 783-5757    (818) 783-7710
MANCINI & ASSOCIATES
15303 Ventura Boulevard, Suite 600
Sherman Oaks, CA 91403

DATE:                    SHERRI R. CARTER Clerk, by        Judi Lara              , Deputy
(Fecha)                            (Secretario)                              (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

MAY 06 2014

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☑ on behalf of (specify): Healthcare Services, Group, Inc.
   under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☑ by personal delivery on (date): 5/14/14

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

1  MARCUS A. MANCINI, ESQ. (State Bar No.146905)
   CHRISTOPHER BARNES, ESQ. (State Bar No. 206186)
2  TARA J. LICATA, ESQ. (State Bar No.266111)
   MEGHAN E. GEORGE, ESQ. (State Bar No. 274525)
3  **MANCINI & ASSOCIATES**
   A Professional Law Corporation
4  15303 Ventura Boulevard, Suite 600
   Sherman Oaks, CA 91403
5  (818) 783-5757   Phone
   (818) 783-7710   Fax
6
   Attorneys for Plaintiff **ROSA ROBLES**
7

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County Of Los Angeles

MAY 06 2014

Sherri R. Carter, Executive Officer/Clerk
By: Judi Lara, Deputy

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  FOR THE COUNTY OF LOS ANGELES

10

11 ROSA ROBLES,                          Case No. **BC 544909**

12        Plaintiff,

13   vs.                                  **PLAINTIFF'S COMPLAINT FOR
                                          DAMAGES:**
14
   HEALTHCARE SERVICES GROUP, INC.;      (1)  **PERCEIVED AND/OR
15 QUALITY BUSINESS SOLUTIONS, INC.;           PHYSICAL DISABILITY
   and DOES 1 through 100, Inclusive,         DISCRIMINATION,
16                                             HARASSMENT, AND
        Defendants.                           RETALIATION IN VIOLATION
17                                             OF CALIFORNIA
                                               GOVERNMENT CODE §§12940
18                                             ET SEQ.;

19                                        (2)  **VIOLATION OF CALIFORNIA
                                               FAMILY RIGHTS ACT,
20                                             CALIFORNIA GOVERNMENT
                                               CODE §§ 12945.2 ET SEQ.;**
21
                                          (3)  **VIOLATION OF CALIFORNIA
22                                             LABOR CODE §923 ET SEQ.
                                               [SEEKING AND OBTAINING
23                                             LEGAL COUNSEL];**

24                                        (4)  **RETALIATION AND
                                               WRONGFUL TERMINATION
25                                             IN VIOLATION OF PUBLIC
                                               POLICY;**
26
                                          (5)  **DECLARATORY RELIEF
27                                             [Permanent Injunction
                                               Requested].**
28

                                    1
                  **PLAINTIFF'S COMPLAINT FOR DAMAGES**

**JURY TRIAL DEMANDED**

**UNLIMITED JURISDICTION:
CASE VALUE IN EXCESS OF
$25,000.00.**

**COMES NOW** Plaintiff **ROSA ROBLES** (hereinafter referred to as "ROBLES" or "Plaintiff") and complains against the above-named Defendants and for causes of action against the Defendants, and each of them, alleges as follows:

**I.**

**FIRST CAUSE OF ACTION**

**(For Perceived and/or Physical Disability Discrimination, Harassment
and Retaliation in Employment**

**[California Government Code §12940 et seq.]**

**Against All Defendants and DOES 1 Through 100, Inclusive)**

1.     At all times mentioned herein, Plaintiff was, and now is, an individual residing in the County of Los Angeles, State of California.

2.     Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein, Defendant HEALTHCARE SERVICES GROUP, INC. (hereinafter referred to collectively with all other Defendants as "Defendants") were, and now are, valid businesses of form unknown duly organized and existing under the laws of the State of California, having its principal place of business in the County of Los Angeles, State of California.

3.     Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein, Defendant QUALITY BUSINESS SOLUTIONS, INC. (hereinafter referred to collectively with all other Defendants as "Defendants") were, and now are, valid businesses of form unknown duly organized and existing under the laws of the State of California, having its principal place of business in the County of Los Angeles, State of California.

/ / /

/ / /

2

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1    4.    Plaintiff is ignorant of the true names and capacities, whether corporate, associate,

2 successor, individual or otherwise, of Defendants sued herein as DOES 1 - 100, Inclusive, and

3 therefore sues said Defendants, and each of them, by such fictitious names. Plaintiff will seek leave

4 of court to amend this Complaint to assert the true names and capacities of the fictitiously named

5 Defendants when the same have been ascertained. Plaintiff is informed and believes, and thereon

6 alleges, that each Defendant designated as "DOES" herein is legally responsible for the events,

7 happenings, acts, occurrences, indebtedness, damages and liabilities hereinafter alleged and caused

8 injuries and damages proximately thereby to the plaintiff, as hereinafter alleged.

9    5.    Plaintiff is informed and believes, and thereon alleges, that at all times relevant

10 herein, each Defendant designated, including DOES 1-100, herein was the agent, managing agent,

11 principal, owner, partner, joint venturer, representative, supervisor, manager, servant, employee

12 and/or co-conspirator of each of the other Defendants, and was at all times mentioned herein acting

13 within the course and scope of said agency and employment, and that all acts or omissions alleged

14 herein were duly committed with the ratification, knowledge, permission, encouragement,

15 authorization and consent of each Defendant designated herein.

16    6.    At all times herein mentioned, for over four (4) years until her wrongful termination

17 on or about October 8, 2012, Plaintiff was employed as a Housekeeper by Defendants and DOES 1

18 through 100, Inclusive, and each of them, who were also, at all times herein mentioned, Plaintiff's

19 employers, managers and supervisors.

20    7.    From June 2011, and continuing,  Plaintiff developed and/or aggravated and/or

21 sustained perceived and/or mental disability(s) including right hand and finger injuries, associated

22 conditions and others.

23    8.    Plaintiff kept Defendants, and each of them, on notice of Plaintiff's disability(s).

24    9.    Plaintiff's physician required Plaintiff to take full and/or intermittent CFRA and/or

25 other medical leave and/or negotiated leave in order to recuperate and heal, and alleviate Plaintiff's

26 disability(s).

27    10.    Plaintiff made and/or articulated a worker's compensation claim(s).

28    11.    Plaintiff requested medical assistance and Defendants, and each of them, denied it.

3

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1    12.    In or around December 2011, Plaintiff sought medical care on her own.

2    13.    In or around January 2012, Plaintiff sought and obtained legal counsel and made

3    and/or articulated a Worker's Compensation claim(s).

4    14.    On or about June 21, 2012, Plaintiff had surgery on her right hand.

5    15.    Plaintiff's physician required Plaintiff to take full and/or intermittent CFRA and/or

6    other medical leave and/or negotiated leave in order to recuperate and heal, and alleviate Plaintiff's

7    disability(s), from June 21, 2012 through October 8, 2012.

8    16.    On or about October 8, 2012, Plaintiff contacted her Manager CARLOS CHAVEZ

9    about returning to work.  CHAVEZ told Plaintiff that Defendants, and each of them, would contact

10    Plaintiff when they found a position to accommodate Plaintiff.  Plaintiff informed CHAVEZ that

11    she could return without any restrictions.

12    17.    Approximately one week after October 8, 2012, Manager CHAVEZ contacted

13    Plaintiff and told her "You have a [worker's compensation] lawyer.  I don't think you're going to

14    work with us."

15    18.    On or about October 8, 2012, Defendants, and each of them, discriminated against,

16    retaliated against and wrongfully terminated Plaintiff for the false and/or exaggerated and/or

17    pretextual and illegal reason(s) that Plaintiff sought and obtained legal counsel.

18    19.    At all times hereinalleged, Plaintiff was a qualified disabled worker who could

19    perform the essential functions and duties of Plaintiff's position, without endangering Plaintiff

20    and/or others, with or without an accommodation.

21    20.    Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of

22    them, replaced Plaintiff with and/or treated more fairly a non-disabled individual.

23    21.    Beginning approximately in June 2011, and continuing at least through October 8,

24    2012, and continuing, Defendants and DOES 1 through 100, and each of them, discriminated,

25    harassed, and retaliated against Plaintiff on the basis of Plaintiff's perceived and/or physical

26    disability(s), by the following continuous actions, and conduct, among others:

27    a.    Failing to determine the extent of Plaintiff's disability(s) and how they could be

28    accommodated;

4

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1    b.    Failing to take any affirmative steps to inform Plaintiff of any job opportunities

2          within the company;

3    c.    Failing to consider Plaintiff for and move Plaintiff into openings for which Plaintiff

4          was qualified and could handle subject to Plaintiff's disability(s);

5    d.    Failing to engage in a timely, good faith, interactive process with Plaintiff to

6          determine effective reasonable accommodations;

7    e.    Harassing, discriminating and retaliating against Plaintiff due to Plaintiff's

8          disability(s), as hereinalleged;

9    f.    Harassing, discriminating and retaliating against Plaintiff due to Plaintiff requesting

10         and/or taking and/or being entitled to CFRA and/or other lawful medical leave;

11    g.    Harassing, discriminating and retaliating against Plaintiff due to Plaintiff seeking

12         and/or consulting and/or retaining legal counsel, as hereinalleged;

13    h.    On or about October 8, 2012, discriminating against, retaliating against and

14         wrongfully terminated Plaintiff for the false and/or exaggerated and/or pretextual

15         and illegal reason(s) that Plaintiff sought and obtained legal counsel;

16    i.    Keeping and/or replacing Plaintiff with, and/or treating more fairly, a non-disabled

17         individual;

18    j.    Failing to re-hire Plaintiff.

19    22.    The acts and conduct of Defendants, and each of them, as aforesaid, was in

20 violation of California Government Code §12940 et seq. Said statutes impose certain duties upon

21 Defendants, and each of them, concerning harassment, discrimination and retaliation against

22 persons, such as Plaintiff, on the basis of perceived and/or physical disability and the prohibition of

23 perceived and/or mental disability harassment, discrimination and retaliation. Said statutes were

24 intended to prevent the type of injury and damage herein set forth. Plaintiff was, at all times

25 material hereto, an employee with a perceived and/or physical disability(s), and within the

26 protected class covered by California Government Code §12940, prohibiting perceived and/or

27 physical disability harassment, discrimination and retaliation in employment.

28 / / /

5

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1    23.    By the acts and conduct described above, Defendants, and each of them, in violation

2  of said statutes, knew about, or should have known about, and failed to investigate and/or properly

3  investigate, prevent or remedy the perceived and/or physical disability harassment, retaliation and

4  discrimination.  The acts of discrimination, retaliation and harassment described herein were

5  sufficiently pervasive so as to alter the conditions of employment, and created an abusive working

6  environment.  When Plaintiff was harassed, discriminated against and retaliated against, Plaintiff's

7  perceived and/or physical disability(s) and/or complaints about the unlawful conduct were

8  substantial factors motivating and/or motivating reasons in Defendants' conduct.

9    24.    Plaintiff filed  timely charges and complaints of perceived and/or physical

10  harassment, retaliation and discrimination with the California Department of Fair Employment and

11  Housing and has received Notice(s) of Right to Sue in a California Superior Court pursuant to

12  California Government Code §12965(b).  Plaintiff has therefore exhausted Plaintiff's

13  administrative remedies under the California Government Code.  Attached hereto and incorporated

14  herein as Exhibit "A" are said Complaints and by reference hereto are made a part hereof.

15  Attached hereto and incorporated herein as Exhibit "B" are said Right to Sue Notices and by

16  reference hereto are made a part hereof.

17    25.    By the aforesaid acts and conduct of Defendants, and each of them, Plaintiff has

18  been directly and legally caused to suffer actual damages pursuant to California Civil Code § 3333

19  including, but not limited to, loss of earnings and future earning capacity, medical and related

20  expenses for care and procedures both now and in the future, attorneys fees, and other pecuniary

21  loss not presently ascertained, for which Plaintiff will seek leave of court to amend when

22  ascertained.

23    26.    As a direct and legal result of the acts and omissions of Defendants, and each of

24  them, Plaintiff was rendered sick, sore, lame, disabled and disordered, both internally and

25  externally, and suffered, among other things, numerous internal injuries, severe fright, shock, pain,

26  discomfort and anxiety.  The exact nature and extent of said injuries are not known to the plaintiff,

27  who will pray leave of court to insert the same when they are ascertained.  Plaintiff does not at this

28  time know the exact duration or permanence of said injuries, but is informed and believes, and

PLAINTIFF'S COMPLAINT FOR DAMAGES

1  thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

2      27.     As a further legal result of the acts and omissions of the Defendants, and each of

3  them, Plaintiff has been forced to incur expenses for medical care, X-rays, and laboratory costs

4  during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, that

5  she will in the future be forced to incur additional expenses of the same nature, all in an amount

6  which is at present unknown.  Plaintiff will pray leave of court to show the exact amount of said

7  expenses at the time of trial.

8      28.     Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but

9  since said incidents  has been unable to engage fully in Plaintiff's occupation, and is informed and

10  believes, and thereon alleges, that Plaintiff will be incapacitated and unable to perform Plaintiff's

11  usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount

12  which is at present unascertained.  Plaintiff will pray leave of court to show the total amount of

13  loss of earnings at the time of trial.

14      29.     As a further direct and legal result of the acts and conduct of Defendants, as

15  aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent

16  emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain,

17  discomfort and anxiety.  The exact nature and extent of said injuries is presently unknown to

18  plaintiff, who will pray leave of court to assert the same when they are ascertained.

19      30.     Plaintiff has been generally damaged in an amount within the jurisdictional limits of

20  this court.

21      31.     The aforementioned acts of Defendants, and each of them, were wilful, wanton,

22  malicious, intentional, oppressive and despicable and were done in wilful and conscious disregard

23  of the rights, welfare and safety of plaintiff, and were done by managerial agents and employees of

24  Defendants and DOES 1 through 100, and with the express knowledge, consent, and ratification of

25  managerial agents and employees of Defendants and DOES 1 through 100, thereby justifying the

26  awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

27  / / /

28  / / /

32.     As a result of the discriminatory acts of Defendants, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code § 12965(b).

## II.

## SECOND CAUSE OF ACTION

### (For Violation of the Family Rights Act

### [California Government Code § 12945.2]

### Against All Defendants and DOES 1 Through 100, Inclusive)

33.     Plaintiff incorporates herein by reference Paragraphs 1 through 32 as though set forth in full herein.

34.     Plaintiff was an employee of Defendants who qualified for leave due to a disability(s) pursuant to California Government Code Section 12945.2 et seq.

35.     At all times herein mentioned, Defendants were "Employer[s]" within the definition of Government Code Section 12945.2, in that Defendants regularly employed 50 or more people and/or adhered and/or abided by CFRA and/or gave their employees equal or greater leave protection than CFRA.

36.     Beginning approximately in or around June 2011, and continuing at least through October 8, 2012, and continuing, Defendants and DOES 1 through 100, and each of them, denied and retaliated against Plaintiff for being entitled to and/or requesting and/or taking Plaintiff's Family Rights and Family Care and Medical Leave, by the following actions, among others:

a.     Defendants, and each of them, harassed, discriminated against and retaliated against Plaintiff, as hereinalleged, in the terms and conditions of Plaintiff's employment;

b.     Defendants and each of them, retaliated against and wrongfully terminated Plaintiff because of Plaintiff's entitlement and/or request and/or taking of the right to medical leave in violation of Government Code Section 12945.2 et seq.;

c.     Defendants, and each of them, refused to allow Plaintiff to retain Plaintiff's employee status and refused to return Plaintiff to work in violation of Government Code Section 12945.2 et seq.

8

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

37.     By the acts and conduct described above, Defendants, and each of them, in violation of said statutes, knew about, or should have known about, and failed to investigate and/or properly investigate, prevent or remedy the retaliation and discrimination in violation of the Family Rights Act.  The acts of discrimination described herein were sufficiently pervasive so as to alter the conditions of employment, and created an abusive working environment.  When Plaintiff was terminated, Plaintiff's request and/or taking and/or right to take, Family Medical Leave, and/or her complaints about the unlawful conduct were motivating reasons in Defendants' conduct.

38.     Plaintiff filed  timely charges and complaints of retaliation, harassment and discrimination in violation of the Family Rights Act with the California Department of Fair Employment and Housing pursuant to California Government Code §12965(b), permitting Plaintiff to bring this legal action. Attached hereto and incorporated herein as Exhibit "A" are said Complaints and by reference hereto are made a part hereof.  Attached hereto and incorporated herein as Exhibit "B" are said Right to Sue Notices and by reference hereto are made a part hereof.

39.     By the aforesaid acts and conduct of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code §3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorneys fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

40.     As a direct and legal result of the acts and omissions of Defendants, and each of them, Plaintiff was rendered sick, sore, lame, disabled and disordered, both internally and externally, and suffered, among other things, numerous internal injuries, severe fright, shock, pain, discomfort and anxiety.  The exact nature and extent of said injuries are not known to the plaintiff, who will pray leave of court to insert the same when they are ascertained.  Plaintiff does not at this time know the exact duration or permanence of said injuries, but is informed and believes, and thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

/ / /

/ / /

9

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

41.     As a further legal result of the acts and omissions of the Defendants, and each of them, Plaintiff has been forced to incur expenses for medical care, X-rays, and laboratory costs during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, that she will in the future be forced to incur additional expenses of the same nature, all in an amount which is at present unknown.  Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

42.     Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since said incidents has been unable to engage fully in Plaintiff's occupation, and is informed and believes, and thereon alleges, that Plaintiff will be incapacitated and unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount which is at present unascertained.  Plaintiff will pray leave of court to show the total amount of loss of earnings at the time of trial.

43.     As a further direct and legal result of the acts and conduct of Defendants, as aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety.  The exact nature and extent of said injuries is presently unknown to plaintiff, who will pray leave of court to assert the same when they are ascertained.

44.     Plaintiff has been generally damaged in an amount within the jurisdictional limits of this court.

45.     The aforementioned acts of Defendants, and each of them, were wilful, wanton, malicious, intentional, oppressive and despicable and were done in wilful and conscious disregard of the rights, welfare and safety of plaintiff, and were done by managerial agents and employees of Defendants and DOES 1 through 100, and with the express knowledge, consent, and ratification of managerial agents and employees of Defendants and DOES 1 through 100, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

46.     As a result of the discriminatory acts of Defendants, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code § 12965(b).

10

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

**III.**

**THIRD CAUSE OF ACTION**

(For Violation of the Right to Seek and Obtain Legal Counsel

[California Labor Code §923]

**Against All Defendants and DOES 1 Through 100, Inclusive)**

47.     Plaintiff incorporates herein by reference Paragraphs 1 through 46 as though set forth in full herein.

48.     California Labor Code §923 declares the existence of a public policy premised on an employee's right to seek and designate legal representation in dealing with their employer. California Labor Code §923 declares it necessary that Plaintiff, as an employee, have full freedom of association, self-organization, and designation of representatives of his own choosing, to negotiate the terms and conditions of his employment, and that he shall be free from the interference, restraint, or coercion of employers of labor, or their agents, in the designation of such representatives.

49.     On or about October 8, 2012, and continuing; Defendants, and each of them, wrongfully terminated Plaintiff, at least in part, for asserting Plaintiff's right to legal representation to negotiate terms and conditions of Plaintiff's employment on Plaintiff's behalf, regarding worker's compensation claim(s) and/or during a employment dispute.  When Plaintiff was terminated, Plaintiff's seeking, obtaining and retaining legal counsel, and/or Plaintiff's complaints about the unlawful conduct were motivating reason(s) in Defendants' conduct.

50.     By the aforesaid acts and conduct of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code § 3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorneys fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

/ / /

/ / /

51.     As a direct and legal result of the acts and omissions of Defendants, and each of them, Plaintiff was rendered sick, sore, lame, disabled and disordered, both internally and externally, and suffered, among other things, numerous internal injuries, severe fright, shock, pain, discomfort and anxiety.  The exact nature and extent of said injuries are not known to the plaintiff, who will pray leave of court to insert the same when they are ascertained.  Plaintiff does not at this time know the exact duration or permanence of said injuries, but is informed and believes, and thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

52.     As a further legal result of the acts and omissions of the Defendants, and each of them, Plaintiff has been forced to incur expenses for medical care, X-rays, and laboratory costs during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, that she will in the future be forced to incur additional expenses of the same nature, all in an amount which is at present unknown.  Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

53.     Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since said incidents  has been unable to engage fully in Plaintiff's occupation, and is informed and believes, and thereon alleges, that Plaintiff will be incapacitated and unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount which is at present unascertained.  Plaintiff will pray leave of court to show the total amount of loss of earnings at the time of trial.

54.     As a further direct and legal result of the acts and conduct of Defendants, as aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety.  The exact nature and extent of said injuries is presently unknown to plaintiff, who will pray leave of court to assert the same when they are ascertained.

55.     Plaintiff has been generally damaged in an amount within the jurisdictional limits of this court.

///

///

12

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1    56.    The aforementioned acts of Defendants, and each of them, were wilful, wanton,

2  malicious, intentional, oppressive and despicable and were done in wilful and conscious disregard

3  of the rights, welfare and safety of plaintiff, and were done by managerial agents and employees of

4  Defendants and DOES 1 through 100, and with the express knowledge, consent, and ratification of

5  managerial agents and employees of Defendants and DOES 1 through 100, thereby justifying the

6  awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

7    57.    As a result of the discriminatory acts of Defendants, and each of them, as alleged

8  herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically

9  provided in California Code of Civil Procedure §1021.5.

10                                              IV.

11                              FOURTH CAUSE OF ACTION

12        (For Retaliation and Wrongful Termination in Violation of Public Policy

13                    Against All Defendants and DOES 1 -100, Inclusive)

14    58.    Plaintiff incorporates herein by reference Paragraphs 1 through 57 as though set

15  forth in full herein.

16    59.    At all times herein mentioned, the public policy of the State of California, as

17  codified, expressed and mandated in California Government Code §12940 was to prohibit

18  employers from discriminating and retaliating against any individual based on perceived and/or

19  physical disability(s).  This public policy of the State of California is designed to protect all

20  employees and to promote the welfare and well-being of the community at large.  Accordingly, the

21  actions of Defendants, and each of them, in discriminating, retaliating and terminating Plaintiff on

22  the grounds of stated above, or for complaining about such discrimination and retaliation, was

23  wrongful and in contravention and violation of the express public policy of the State of California,

24  to wit, the policy set forth in California Government Code §12940 et seq., and the laws and

25  regulations promulgated thereunder.

26    60.    At all times herein mentioned, the public policy of the State of California, as

27  codified, expressed and mandated in California Government Code §12945.2 was to prohibit

28  employers from discriminating and retaliating against any individual based on entitlement to,

PLAINTIFF'S COMPLAINT FOR DAMAGES

1   taking of or entitlement to, CFRA medical leave rights.  This public policy of the State of
2   California is designed to protect all employees and to promote the welfare and well-being of the
3   community at large.  Accordingly, the actions of Defendants, and each of them, in discriminating,
4   retaliating and terminating Plaintiff on the grounds of stated above, or for complaining about such
5   discrimination and retaliation, was wrongful and in contravention and violation of the express
6   public policy of the State of California, to wit, the policy set forth in California <u>Government Code</u>
7   §12945.2 et seq., and the laws and regulations promulgated thereunder.

8          61.    At all times herein mentioned, the public policy of the State of California, as
9   codified, expressed and mandated in California <u>Labor Code</u> §923 was to prohibit employers from
10  discriminating and retaliating against any individual based on seeking and/or obtaining legal
11  counsel.  This public policy of the State of California is designed to protect all employees and to
12  promote the welfare and well-being of the community at large.  Accordingly, the actions of
13  Defendants, and each of them, in discriminating, retaliating and terminating Plaintiff on the
14  grounds of stated above, or for complaining about such discrimination and retaliation, was
15  wrongful and in contravention and violation of the express public policy of the State of California,
16  to wit, the policy set forth in California <u>Labor Code</u> §923 et seq., and the laws and regulations
17  promulgated thereunder.

18         62.    At all times herein mentioned, the public policy of the State of California, as
19  codified, expressed and mandated in California <u>Labor Code</u> §132a was to prohibit employers from
20  discriminating and retaliating against any individual based on articulating and/or filing a Worker's
21  Compensation claim and/or their status as a injured worker under same.  This public policy of the
22  State of California is designed to protect all employees and to promote the welfare and well-being
23  of the community at large.  Accordingly, the actions of Defendants, and each of them, in
24  discriminating, retaliating and terminating Plaintiff on the grounds of stated above, or for
25  complaining about such discrimination and retaliation, was wrongful and in contravention and
26  violation of the express public policy of the State of California, to wit, the policy set forth in
27  California <u>Labor Code</u> §132a et seq., and the laws and regulations promulgated thereunder.
28  ///

PLAINTIFF'S COMPLAINT FOR DAMAGES

63.     By the aforesaid acts and conduct of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code § 3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorneys fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

64.     As a direct and legal result of the acts and omissions of Defendants, and each of them, Plaintiff was rendered sick, sore, lame, disabled and disordered, both internally and externally, and suffered, among other things, numerous internal injuries, severe fright, shock, pain, discomfort and anxiety. The exact nature and extent of said injuries are not known to the plaintiff, who will pray leave of court to insert the same when they are ascertained.  Plaintiff does not at this time know the exact duration or permanence of said injuries, but is informed and believes, and thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

65.     As a further legal result of the acts and omissions of the Defendants, and each of them, Plaintiff has been forced to incur expenses for medical care, X-rays, and laboratory costs during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, that he will in the future be forced to incur additional expenses of the same nature, all in an amount which is at present unknown.  Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

66.     Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since said incidents  has been unable to engage fully in Plaintiff's occupation, and is informed and believes, and thereon alleges, that Plaintiff will be incapacitated and unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount which is at present unascertained.  Plaintiff will pray leave of court to show the total amount of loss of earnings at the time of trial.

67.     As a further direct and legal result of the acts and conduct of Defendants, as aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain,

1 discomfort and anxiety. The exact nature and extent of said injuries is presently unknown to

2 plaintiff, who will pray leave of court to assert the same when they are ascertained.

3      68.     Plaintiff has been generally damaged in an amount within the jurisdictional limits of

4 this court.

5      69.     The aforementioned acts of Defendants, and each of them, were wilful, wanton,

6 malicious, intentional, oppressive and despicable and were done in wilful and conscious disregard

7 of the rights, welfare and safety of plaintiff, and were done by managerial agents and employees of

8 Defendants and DOES 1 through 100, and with the express knowledge, consent, and ratification of

9 managerial agents and employees of Defendants and DOES 1 through 100, thereby justifying the

10 awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

11      70.     As a result of the discriminatory acts of Defendants, and each of them, as alleged

12 herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically

13 provided in California <u>Code of Civil Procedure</u> §1021.5

14 V.

15 **FIFTH CAUSE OF ACTION**

16 **(For Declaratory Relief Against All Defendants and DOES 1 -100, Inclusive)**

17      71.     Plaintiff incorporates herein by reference Paragraphs 1 through 70 as though set

18 forth in full herein.

19      72.     Depending on the outcome of this lawsuit via dispositive motion and ruling and/or a

20 trial and verdict in this matter, Plaintiff hereby requests this Court issue an affirmative and binding

21 Declaration of Rights and Duties pursuant to the recent ruling in *Harris v. City of Santa Monica*,

22 Case No. S181004, Cal.Sup.Ct. 2/7/13, declaring that Defendants, and each of them, their

23 successors, agents, representatives, employees and all persons who acted alone, or in concert with

24 said Defendants, and each of them, committed acts and conduct of harassment, discrimination,

25 retaliation, or other similar acts including, but not limited to, the violations alleged in all of the

26 relevant Causes of Action herein, and as proved and/or shown at the time of the ruling(s) and or

27 verdict(s), and as prohibited by the Fair Employment and Housing Act, California <u>Government</u>

28 <u>Code</u> §§12900 - 12996, and any other applicable laws, cases, codes, regulations and statutes.

16

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

73.     At the time of the request for Declaratory Relief, there exists and/or will exist a present and actual controversy among the parties.

74.     This Complaint, and the relevant causes of action herein, specifically plead an actual, present controversy, and the facts of the respective and underlying claims.

75.     At the time of the request for Declaratory Relief, the facts of this case will have congealed to the point that the Court can determine issues and grant relief through Declaratory Relief and issue a decree of a conclusive character, with the force and effect of a Final Judgment.

76.     As a result of the wrongful acts of Defendants, and each of them, as alleged herein, Plaintiff requests that this Court issue an Order and Ruling permanently enjoining Defendants, and each of them, their successors, agents, representatives, employees and all persons who acted alone, or in concert with said Defendants, and each of them, from committing acts and conduct of harassment, discrimination, retaliation, or other similar acts including, but not limited to, the violations alleged in all of the relevant Causes of Action herein, and as proved and/or shown at the time of the ruling(s) and or verdict(s), and as prohibited by the Fair Employment and Housing Act, California Government Code §§12900 - 12996, and any other applicable laws, cases, codes, regulations and statutes.

77.     As a result of the wrongful conduct of Defendants, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code § 12965(b) and as specifically mentioned in *Harris v. City of Santa Monica*, Case No. S181004, Cal.Sup.Ct. 2/7/13.

**WHEREFORE**, Plaintiff ROSA ROBLES, prays for judgment against the Defendants, and each of them, as follows:

1.     For general damages in an amount within the jurisdictional limits of this Court;

2.     For medical expenses and related items of expense, according to proof;

3.     For loss of earnings, according to proof;

4.     For loss of earning capacity, according to proof;

/ / /

17

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

5.  For reasonable attorneys' fees and costs of said suit as specifically provided in California <u>Government Code</u> §12965 (b), according to proof;

6.  For reasonable attorneys' fees and costs of said suit as specifically provided in California <u>Code of Civil Procedure</u> §1021.5, according to proof;

7.  For a permanent injunction against Defendants, and each of them, their successors, agents, representatives, employees and all persons who acted alone, or in concert with said Defendants, and each of them, from committing acts and conduct of harassment, discrimination, retaliation, or other similar acts including, but not limited to, the violations alleged in all of the relevant Causes of Action herein, and as proved and/or shown at the time of the ruling(s) and or verdict(s), and as prohibited by the Fair Employment and Housing Act, California <u>Government Code</u> §§12900 - 12996, and any other applicable laws, cases, codes, regulations and statutes;

8.  For reasonable attorneys' fees and costs of said suit as specifically provided in California <u>Government Code</u> § 12965(b) and as specifically mentioned in *Harris v. City of Santa Monica*, Case No. S181004, Cal.Sup.Ct. 2/7/13;

9.  For prejudgment interest according to proof;

10. For punitive and exemplary damages, according to proof;

11. For costs of suit incurred herein; and

12  For such other and further relief as the court may deem just and proper.

Dated: May 5, 2014

MANCINI & ASSOCIATES
A Professional Law Corporation

By: _____
MARCUS A. MANCINI, ESQ.
Attorneys for Plaintiff
**ROSA ROBLES**

18

PLAINTIFF'S COMPLAINT FOR DAMAGES

# EXHIBIT 'A'

# CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
## EMPLOYMENT

COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

DFEH INQUIRY NUMBER:
115982-50971

COMPLAINANT NAME:
Rosa Robles

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

| RESPONDENT NAME: | RESPONDENT ADDDRESS:<br>5199 E. Pacific Coast Highway | TELEPHONE NUMBER: |
|---|---|---|
| HEALTHCARE SERVICES GROUP,<br>INC., Agent for Services | Long Beach, CA, 90804 | |

| AGENT FOR SERVICE: | AGENT FOR SERVICE ADDRESS: | CITY/STATE/ZIP: |
|---|---|---|
| | | |

| NO. OF EMPLOYEES/MEMBERS:<br>200 | DATE MOST RECENT DISCRIMINATION TOOK PLACE:<br>Oct 08, 2012 | TYPE OF EMPLOYER:<br>Private Employer |
|---|---|---|

CO-RESPONDENT(S):

| NAME | ADDRESS |
|---|---|
| Agent for Service<br>QUALITY BUSINESS SOLUTIONS, INC. | 5199 E. Pacific Coast Highway, Suite 402  Long Beach  CA 90804 |

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right to sue. I understand that if I want a federal right to sue notice, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure and Right to Sue," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

By submitting this complaint, I am declaring under penalty of perjury under the laws of the State of California that, to the best of my knowledge, all information contained in this complaint is true and correct, except matters stated on my information and belief, and I declare that those matters I believe to be true.

DATED May 07, 2013 At Sherman Oaks      VERIFIED BY:Marcus A Mancini

DFEH-300-030 (07/12)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

DATE FILED: May 07, 2013
MODIFIED: May 07, 2013

STATE OF CALIFORNIA

# CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
## EMPLOYMENT

### COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

I ALLEGE THAT I EXPERIENCED:
Discrimination, Harassment, Retaliation

ON OR BEFORE: Oct 08, 2012

BECAUSE OF MY     Disability, Engagement in Protected Activity, Family Care or Medical Leave
ACTUAL OR
PERCEIVED:

AS A RESULT, I WAS:        Asked impermissible non-job-related questions, Demoted, Denied a good faith interactive
                          process, Denied a work environment free of discrimination and/or retaliation, Denied
                          employment, Denied family care or medical leave, Denied or forced to transfer, Denied
                          reasonable accommodation, Denied reinstatement, Terminated, Other
                          harassment discrimination retaliation

STATE WHAT YOU BELIEVE TO BE THE REASON(S) FOR DISCRIMINATION:

From 6/2011, and continuing at least through 10/8/12, and continuing, I was harassed, discriminated against and retaliated against based
on my perceived and/or physical disability[s] [right hand and finger injuries,associated conditions,others].

DFEH-300-030 (07/12)                    DATE FILED: May 07, 2013          STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING    MODIFIED: May 07, 2013

# EXHIBIT 'B'

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY

GOVERNOR EDMUND G. BROWN JR.

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

DIRECTOR PHYLLIS W. CHENG

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 | Videophone (916) 226-5285 | TDD (800) 700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

May 07, 2013

Rosa Robles

care of mancini and Associates 15303 Ventura Boulevard Suite 600

Sherman Oaks, CA 91403

RE: 115982-50971  - Robles Rosa - Right To Sue

Notice of Case Closure and Right to Sue

Dear Rosa Robles:

This letter informs you that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective May 07, 2013 because an Immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

Department of Fair Employment and Housing

cc: Agent for Services, Agent for Service for HEALTHCARE SERVICES GROUP, INC.

Agent for Service

QUALITY BUSINESS SOLUTIONS, INC.

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Marcus A. Mancini, Esq.<br>MANCINI & ASSOCIATES<br>15303 Ventura Boulevard<br>Suite 600<br>Sherman Oaks, CA  91403<br>TELEPHONE NO.: (818) 783-5757  FAX NO.: (818) 783-7710<br>ATTORNEY FOR *(Name):*  Plaintiff | CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>MAY 06 2014<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By: Judi Lara, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: Los Angeles, CA 90012
CITY AND ZIP CODE:
BRANCH NAME: CENTRAL

CASE NAME:  ROBLES -vs- HEALTHCARE SERVICES GROUP, INC., et al.,

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: BC 544909 |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Construction defect (10) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [X] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

**2.** This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
    issues that will be time-consuming to resolve    in other counties, states, or countries, or in a federal court
c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply):* a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [X] punitive

**4.** Number of causes of action *(specify):*  Five (5)

**5.** This case [ ] is  [X] is not  a class action suit.

**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 5, 2014

Marcus A. Mancini, Esq.
  (TYPE OR PRINT NAME)                            (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Legal<br>Solutions<br>Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |

| SHORT TITLE: ROBLES -vs- HEALTHCARE SERVICES GROUP, INC., et al., | CASE NUMBER | BC544909 |
| --- | --- | --- |

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [X] YES  CLASS ACTION? [ ] YES  LIMITED CASE? [ ] YES  TIME ESTIMATED FOR TRIAL 7 - 9 [ ] HOURS/ [X] DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
| --- | --- | --- | --- |
| **Auto Tort** | Auto (22) | [ ] A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | [ ] A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | [ ] A6070 Asbestos Property Damage | 2. |
| | | [ ] A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | [ ] A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] A7210 Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | [ ] A7240 Other Professional Health Care Malpractice | 1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | [ ] A7250 Premises Liability (e.g., slip and fall) | 1., 4. |
| | | [ ] A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | [ ] A7270 Intentional Infliction of Emotional Distress | 1., 3. |
| | | [ ] A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4

LA-CV109

| SHORT TITLE: ROBLES -vs- HEALTHCARE SERVICES GROUP, INC. et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☒ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation    Number of parcels _____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F  Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: ROBLES -vs- HEALTHCARE SERVICES GROUP, INC., et al. | CASE NUMBER |
|---|---|

| A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|
| **Judicial Review** | | |
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | | |
| Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | | |
| Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | ☐ A6160  Abstract of Judgment | 2., 6. |
| | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | | |
| RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| **Miscellaneous Civil Petitions** | | |
| Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | ☐ A6190  Election Contest | 2. |
| | ☐ A6110  Petition for Change of Name | 2., 7. |
| | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | ☐ A6100  Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

| SHORT TITLE: ROBLES -vs- HEALTHCARE SERVICES GROUP, INC., et al., | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case. | ADDRESS: 5199 E. Pacific Coast Hwy. |
|---|---|
| ☐1. ☒2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | |

| CITY: Long Beach | STATE: CA | ZIP CODE: 90804 |
|---|---|---|

**Item IV.** *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___STANLEY MOSK___ courthouse in the ___CENTRAL___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: ___May 5, 2014___

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)
MARCUS A. MANCINI

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)

Case Number _____

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

BC544909

Your case is assigned for all purposes to the judicial officer indicated below . There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|
| Hon. Daniel Buckley | 1 | 534 | Hon. Malcolm H. Mackey | 55 | 515 | |
| Hon. Barbara A. Meiers | 12 | 636 | Hon. Michael Johnson | 56 | 514 | |
| Hon. Terry A. Green | 14 | 300 | Hon Rolf M. Treu | 58 | 516 | |
| Hon. Richard Fruin | 15 | 307 | Hon. Michael L. Stern | 62 | 600 | |
| Hon. Rita Miller | 16 | 306 | Hon. Mark Mooney | 68 | 617 | |
| Hon. Richard E. Rico | 17 | 309 | Hon. William F. Fahey | 69 | 621 | |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. Soussan G. Bruguera | 71 | 729 | |
| Hon. Robert L. Hess | 24 | 314 | Hon. Ruth Ann Kwan | 72 | 731 | |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. Rafael Ongkeko | 73 | 733 | |
| Hon. Barbara Scheper | 30 | 400 | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| Hon. Mary H. Strobel | 32 | 406 | | | | |
| Hon. Michael P. Linfield | 34 | 408 | | | | |
| Hon. Gregory Alarcon | 36 | 410 | **Hon. Emilie H. Elias** | **324** | **CCW** | |
| Hon. Maureen Duffy-Lewis | 38 | 412 | **Hon. Elihu M. Berle*** | **323** | **CCW** | |
| Hon. Michelle R. Rosenblatt | 40 | 414 | | | | |
| Hon. Holly E. Kendig | 42 | 416 | | | | |
| Hon. Mel Red Recana | 45 | 529 | | | | |
| Hon. Frederick C. Shaller | 46 | 500 | | | | |
| Hon. Debre Katz Weintraub | 47 | 507 | | | | |
| Hon. Elizabeth Allen White | 48 | 506 | | | | |
| Hon. Deirdre Hill | 49 | 509 | | | | |
| Hon. John L. Segal | 50 | 508 | | | | |
| Hon. Mitchell L. Beckloff | 51 | 511 | | | | |
| Hon. Susan Bryant-Deason | 52 | 510 | | | | |
| Hon. Steven J. Kleifield | 53 | 513 | OTHER | | | |
| Hon. Ernest M. Hiroshige | 54 | 512 | | | | |

**\*Complex**

All cases designated as complex (other than class actions) are initially assigned to Judge Elihu M. Berle in Department 323 of the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005). This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on MAY 06 2014 By _____, SHERRI R. CARTER, Executive Officer/Clerk

_____, Deputy Clerk

LACIV CCH 190 (Rev09/13)
LASC Approved 05-06
For Optional Use

**NOTICE OF CASE ASSIGNMENT –**

**UNLIMITED CIVIL CASE**

Page 1 of 2

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

## APPLICATION

The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

## PRIORITY OVER OTHER RULES

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

## SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

LACIV CCH 190 (Rev09/13)
LASC Approved 05-06
For Optional Use

**NOTICE OF CASE ASSIGNMENT –**

**UNLIMITED CIVIL CASE**

Page 2 of 2

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**

**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:     FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

   i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

   ii. Include a brief summary of the dispute and specify the relief requested; and

   iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

   i. Also be filed on the approved form (copy attached);

   ii. Include a brief summary of why the requested relief should be denied;

LACIV 036 (new) <br> LASC Approved 04/11      **STIPULATION – DISCOVERY RESOLUTION**      Page 1 of 3

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lasuperiorcourt.org* under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
    (INSERT DATE)                                    (INSERT DATE)
    complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ►  _____
        (TYPE OR PRINT NAME)                         (ATTORNEY FOR PLAINTIFF)

Date:

_____          ►  _____
        (TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)

Date:

_____          ►  _____
        (TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)

Date:

_____          ►  _____
        (TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)

Date:

_____          ►  _____
        (TYPE OR PRINT NAME)                         (ATTORNEY FOR _____)

Date:

_____          ►  _____
        (TYPE OR PRINT NAME)                         (ATTORNEY FOR _____)

Date:

_____          ►  _____
        (TYPE OR PRINT NAME)                         (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:          FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION -- EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

iii.     Be filed within two (2) court days of receipt of the Request; and

iv.     Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court. .

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying ex parte for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(ATTORNEY FOR PLAINTIFF)

▶ _____
(ATTORNEY FOR DEFENDANT)

▶ _____
(ATTORNEY FOR DEFENDANT)

▶ _____
(ATTORNEY FOR DEFENDANT)

▶ _____
(ATTORNEY FOR _____)

▶ _____
(ATTORNEY FOR _____)

▶ _____
(ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | | STATE BAR NUMBER | | Reserved for Clerk's File Stamp |
|---|---|---|---|---|
| TELEPHONE NO.: | FAX NO. (Optional): | | | |
| E-MAIL ADDRESS (Optional): | | | | |
| ATTORNEY FOR (Name): | | | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. **This document relates to:**
   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. **Deadline for Court to decide on Request:** _____ (insert date 10 calendar days following filing of the Request).

3. **Deadline for Court to hold Informal Discovery Conference:** _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

FAX NO. (Optional):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.

The parties agree that:

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER